IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID REAVES, #297611, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIVIL ACTION NO. 2:15-CV-217-MHT |
| | ) | [WO] |
| v. | ) | |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| CORRECTIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

David Reaves ("Reaves"), an indigent state inmate incarcerated at the Kilby Correctional Facility, initiated this 42 U.S.C. § 1983 action on April 7, 2015. After reviewing the complaint, the court determined that Reaves should file an amended complaint and issued an order containing detailed instructions with respect to filing of the amended complaint. *Order of April 28, 2015 - Doc. No. 8.* Specifically, the court explained that the complaint failed to name a proper defendant and advised that "the claims lodged against the defendants named in the complaint are frivolous as such claims are 'based on an indisputably meritless legal theory.'" *Id*. at 1-2 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)) (footnote omitted). The court "***advised [Reaves] that this case will proceed only against the defendants named and claims presented in the amended complaint***" and cautioned Reaves that his failure to comply with the directives of this order would result in a Recommendation

that this case be dismissed. *Id.* at 3 (emphasis in original).  In an effort to aid Reaves in filing the necessary amended complaint, the court "provide[d] him with a copy of the form used by prisoners to file complaints." *Id.*

The time allowed Reaves to file the amended complaint expired on May 13, 2015. As of the present date, Reaves has failed to file the amended complaint as required by this court.  In light of Reaves' failure to file the necessary amended complaint, the court concludes that this case should be dismissed. *Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply, noting that inmate was provided with "a standard form [and] a clear description of what [the] complaint should contain." ); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed ***without prejudice*** for failure of the plaintiff to file an amended complaint as directed by the order of this court.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 11, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court.  The

parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 28th day of May, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE